UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HONE,<br><br>    Plaintiff,<br><br>    v.<br><br>MARLENE LYNCH-FORD, *et al.*,<br><br>    Defendants. | Civil Action No. 20-10367 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on the Honorable Marlene Lynch-Ford ("Judge Ford") and the Honorable Linda G. Baxter's ("Judge Baxter," and together with Judge Ford, "Defendants") unopposed Motion to Dismiss pro se Plaintiff Richard Hone's ("Plaintiff") Fourth Amended Complaint (the "Complaint"). (ECF No. 16.) The Court has carefully considered the Defendants' submission and decides this matter without oral argument under Local Rule 78.1.

**I. BACKGROUND**

  Plaintiff likes to sue. In this action alone, Plaintiff has filed seven complaints. (ECF Nos. 1, 3, 5, 9, 10, 13, 20.) The Court's review of the District of New Jersey's docket reveals that Plaintiff has initiated at least sixteen other actions in federal court. But that's not all. In state court, over the past three years, Plaintiff has initiated more than three dozen lawsuits—peppering courts in ten of New Jersey's fifteen vicinages with his papers. As several of Plaintiff's lawsuits name judges, judicial staff, and prosecutors, the State has spent considerable time and money defending these suits. Making matters worse, courts adjudicating Plaintiff's actions have found them legally

baseless.[1] To be sure, in her September 21, 2020 opinion that imposed filing restraints on Plaintiff, Judge Ford warned that Plaintiff's pattern of litigation abuse "can only be viewed as an effort to inflict chaos upon the court system, to cause judicial and state resources to be wasted as dedicated to the defense of these filings, and to otherwise create confusion as to any pending matters that involve him." *Hone*, slip op. at 15.[2]

Plaintiff now brings that pattern to federal court. In his virtually unintelligible Complaint, Plaintiff sues Judge Ford and Judge Baxter under 42 U.S.C. § 1983. (Fourth Am. Compl. 2, ECF No. 13.) In response to a question asking him how Defendants acted under color of state or local law, Plaintiff alleges as follows:

> In role as judge + jury, defendants conspired with each other to deny me Due Process by purposely, maliciously, and with full knowledge schedule a EDC "Proceeding" before our due Process Right to reconsideration + Appeal, STAY Pending Appeal, etc. were heard. Baxter denied (prior Aug.) Change of Venue even Though Judges, Pros. have multiple felony charges pending.

(*Id.* at 5 (errors, underlining, and capitalization in original).)[3] Liberally construed, Plaintiff's Complaint appears to stem from a family court proceeding in Monmouth County regarding his

---

[1] As Judge Ford summarized, as of September 2020, courts had dismissed six of Plaintiff's complaints without prejudice and twenty-four with prejudice. *In re Hone*, OCN-L-1803-20, slip op. at 13 (N.J. Super. Ct. Law Div. Sept. 21, 2020), ECF No. 16-2.

[2] The Court takes judicial notice of Judge Ford's September 21, 2020 opinion and incorporates its findings herein.

[3] A sampling of Plaintiff's prior complaints against Judge Ford highlights similarly frivolous and bad-faith allegations:

- Alleging Judge Ford's job title as "Serial Civil Rights Violator" and "Criminal" (Sec. Am. Compl. 2, ECF No. 5; Third Am. Compl. 2, ECF No. 9);
- Alleging that Judge Ford is "clearly insane" and "a total nut case" (Third Am. Compl. 6);
- Threatening Judge Ford by alleging that she "should be removed from the bench, and put out to pasture somewhere she can't hurt anyone else" (*id.*).

2

daughter. (*See* Third Am. Compl. 6.) In any event, Plaintiff seeks $40 million in compensatory and punitive damages for "mental pain [and] suffering" and undescribed "[t]rauma." (Fourth Am. Compl. 6.)

Through the morass of Plaintiff's complaints, Defendants filed the instant Motion to Dismiss, asserting lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectively. (ECF No. 16.) Plaintiff did not oppose and instead filed a Fifth Amended Complaint, attempting to add a state prosecutor to the case. (ECF No. 20.)[4]

## II. LEGAL STANDARD

### A. 12(b)(1) Motion to Dismiss

"A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Pension Benefit Guar. Corp. v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

### B. 12(b)(6) Motion to Dismiss

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to

---

[4] The Court also notes that in other pending cases in this District, Plaintiff has recently filed motions to appoint pro bono counsel, in which Plaintiff averred, among other things, that he is "100% disabled (mentally and physically) and unable to focus on this case properly." Motion to Appoint Pro Bono Counsel, *Hone v. Ereaux*, No. 21-479 (D.N.J.), ECF No. 20.

relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

### A. The Court Lacks Subject Matter Jurisdiction.[5]

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's § 1983 suit based on judicial immunity and sovereign immunity. The Court agrees.

Under the judicial immunity doctrine, "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (citing, among other cases, *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Two narrow

---

[5] Because the Court lacks subject matter jurisdiction, it does not address Defendants' 12(b)(6) Motion.

4

exceptions apply: one for "actions not taken in the judge's judicial capacity" and another for actions "taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11). Here, Plaintiff's Complaint alleges nothing showing that Defendants' actions were nonjudicial or outside their jurisdiction. Even liberally construed, Plaintiff's allegations all relate to judicial decisions Defendants made during court proceedings or about court hearings. (*See* Fourth Am. Compl. 5 (complaining about court proceeding presided over by Judge Baxter and notice relating to Early Disposition Conference hearing).) Nor is judicial immunity defeated by Plaintiff's allegation that Defendants acted maliciously and purposively. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . .").

The Court similarly agrees that Defendants have sovereign immunity under the Eleventh Amendment. "[S]tate courts, [their] employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state." *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (citing *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296-98 (D.N.J. 1994)). Plaintiff does not allege that New Jersey has abrogated its sovereign immunity for judges, and this Court is aware of no authority stating such.

**B.      Plaintiff Must Show Cause for Why the Court Should Permit His Future Filings.**

Plaintiff has a long history of filing legally baseless lawsuits in federal and state courts. In this action, Plaintiff has filed seven complaints that—even liberally construed—lack merit and flout procedural rules.[6] He has further initiated at least sixteen actions in this District. And as Judge Ford noted in her thorough September 21, 2020 opinion, Plaintiff has filed approximately 40 cases

---

[6] Plaintiff's faulty complaints include the most recent Fifth Amended Complaint, which was filed without leave and improperly added a party.

against judges and judicial staff—at least 30 of which have been dismissed. *Hone*, slip op. at 12. To be sure, Judge Ford concluded that the "conduct of Mr. Hone when viewed in a light even most charitable to him clearly reflects [a] plan to manipulate the judicial process." *Id.* at 13. For these reasons, the Court finds it appropriate to order Plaintiff to show why it should not preclude him from future filings without Court approval.

## IV. ORDER

For the reasons set forth above, and for other good cause shown,

IT IS, on this 26th day of August 2021, hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED**.

2. Plaintiff must show cause in writing by **September 3, 2021**, as to why the Court should not preclude him from future filings related to the same subject matter without Court approval.[7]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] To the extent Plaintiff asserts incompetence to continue representing himself in this and related matters, Plaintiff must also show cause as to his incompetency, including by providing documents that show verifiable evidence of Plaintiff's mental or physical incompetence. *See* Fed. R. Civ. P. 17(c); *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 149 (3d Cir. 2021).

6